## In re VAN HOEVENBERG.
### No. B—22922.

District Court, D. Oregon.
April 11, 1938.

Roberts & McAllister, of Medford, Or., for the motion.

Chas. W. Reames, of Medford, Or., for the debtor.

McCOLLOCH, District Judge.

The motion to dismiss this proceeding for lack of good faith will be denied.

This debtor is one of the best known orchardists in the Medford district. He has taken a leading part in state horticultural affairs, and, while his financial difficulties are very great, I do not consider them insurmountable. I have seen too many deserving and courageous people apparently hopelessly involved recover from their financial difficulties to deny this debtor a further chance.

In 1910 and later years the debtor bought 217 acres of unimproved land from the secured creditors who are now foreclosing. The purchase price was $74,000 and the debtor has paid interest for twenty-two years. In addition, the debtor has expended more than $75,000 in improving and developing the orchard property, including $15,000 for a modern home, and $10,000 for an underground spraying system. And it is to be remembered that the debtor and his family have given the best years of their lives to this development. An unusual blight in 1936 is responsible for the crisis in the debtor's financial affairs. The blight is now under control and a large and remunerative fruit crop is hoped for during the present year. To force these people now from their home would not be in accord with the spirit of the federal farm relief legislation. The debtor is entitled to every reasonable chance to save this highly developed property, which he values at more than $200,000.

(1) Permission to file debtor's amended petition under subsection (s) of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203 (s), will be granted. (2) For the present, no stay of the pending foreclosure proceedings in the Jackson county circuit court will issue. (3) The fullest co-operation will be given to the Medford Production Credit Association to retrieve its loss of approximately $14,000 on last year's fruit crop and to do the further financing necessary to properly care for the orchard and to insure a crop for this year.

It has been suggested that further crop financing cannot be expected unless Van Hoevenberg is eliminated from the picture and proceedings in this court dismissed. Surely on second thought the Production Credit Association will take a different view

and be willing to co-operate with Van Hoevenberg to the end that the association's loss of last year may be recovered, and the debtor, at the same time, be given another chance to get on his feet. In passing, I may say that the Production Credit Association's existing mortgage no doubt gives it the right to take all necessary steps to insure making and harvesting of the 1938 crop. I repeat that the association may feel assured of full co-operation from this court.

Attention is called that the receivership in the state court will be suspended during the pendency of these proceedings. Subsection (s) of section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203(s), expressly so provides. The appointment of a receiver or trustee under the jurisdiction of this court may be advisable.

Findings of fact in accordance with. the above will be entered.